IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:10-CT-3120-D

| | | |
|---|---|---|
| DOMINIC EDWARDS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| OFFICER BISHOP, | ) | |
| | ) | |
| Defendant. | ) | |

On July 6, 2010, Dominic Edwards ("Edwards" or "plaintiff"), a state inmate proceeding pro se, filed this action pursuant to 42 U.S.C. § 1983 [D.E. 1]. Edwards seeks leave to proceed in forma pauperis [D.E. 4]. On February 1, 2011, the court reviewed the action pursuant to 28 U.S.C. § 1915A, allowed plaintiff's claim for excessive force to proceed, and denied plaintiff's motion for appointment of counsel [D.E. 8]. The clerk directed North Carolina Prisoner Legal Services ("NCPLS") to investigate plaintiff's claim [D.E. 9]. On February 10, 2011, Edwards filed a motion for interrogatories [D.E. 11]. On March 22, 2011, the United States Marshal Service filed a return of summons, indicating that it was unable to serve defendant Bishop at the address provided by plaintiff [D.E. 16]. On May 2, 2011, NCPLS filed a response to the order of investigation, indicating that it had investigated plaintiff's complaint, determined that appointment of counsel is not warranted, and that "NCPLS has provided advice and assistance to the plaintiff" [D.E. 17]. On May 26, 2011, Edwards filed a motion for entry of default [D.E. 18].

As for the failure to serve defendant Bishop, the court directs the North Carolina Attorney General to provide the court with defendant Bishop's full name and last known address on or before July 22, 2011, or to inform the court that no such address is available. The North Carolina Attorney

General shall provide the information under seal, and the court will disclose the information only to anyone engaged in providing service of process.

As for Edwards's motions for interrogatories and entry of default, the court denies the motions without prejudice. Because defendant Bishop has not been served and answered the complaint, the court has not entered a scheduling order for discovery. Likewise, an entry of default shall be made when "a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend" as required by the Federal Rules of Civil Procedure. Fed. R. Civ. P. 55(a). In this case, defendant's answer is not due until 21 days after he has been served with the summons and complaint. Fed. R. Civ. P. 12(a)(1).

Finally, on July 6, 2011, Edwards was transferred from Tabor Correctional Institution to Bertie Correctional Institution ("Bertie"). See N.C. Dep't of Corr., Offender Public Information, http://webapps6.doc.state.nc.us/opi/viewoffender.do?method=view&offenderID=0588371 (last visited July 11, 2011).[1] The court directs the clerk to amend the docket to reflect plaintiff's current location.

In sum, the court DENIES WITHOUT PREJUDICE Edwards's motions for interrogatories and entry of default [D.E. 11, 18]. The Clerk of Court is DIRECTED to serve a copy of this order on the North Carolina Attorney General and on Edwards at Bertie, and to maintain management of this action.

SO ORDERED. This 11 day of July 2011.

JAMES C. DEVER III
United States District Judge

---

[1] Local Civil Rule 83.3, EDNC, directs parties to "notify the court in writing within fourteen (14) days of any change of address." Edwards's time for notifying the court has not yet run.

2